# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:13CR00087-001 |
| Michael Eales | **Defendant's Attorney:** Michael Lieberman |

The defendant, Michael Eales, pleaded guilty to counts 1 and 2 of the indictment.

Counts 3 and 4 of the indictment are dismissed on the motion of the United States.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e) | Manufacturing Child Pornography | March 20, 2013 | 1 |
| 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e) | Manufacturing Child Pornography | April 13, 2013 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | ▆▆▆▆ 1990 | October 29, 2013 |
| **Defendant's USM No.:** | 08260-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | None | */s/ William Conley* |
| **Defendant's Mailing Address:** | | William M. Conley |
| | | District Judge |
| | Sauk County Jail | |
| | 1300 Lange Court | October 29, 2013 |
| | Baraboo, WI 53913 | Date Signed: |

# IMPRISONMENT

As to Counts 1 and 2 of the indictment, the defendant is hereby committed to the custody of the Bureau of Prisons for a term of 360 months, per count. The counts are to run concurrently to one another and concurrent with any sentence imposed in Vernon County, Wisconsin, Circuit Court Case No. 13CF81, as the conduct is related to the federal offenses, in accordance with the Supreme Court ruling in Setser v. United States, 132 S.Ct. 1463 (2012), and the policy statement at § 5G1.3(b).

I recommend that the defendant receive the opportunity to participate in mental health counseling and sex offender treatment, as well as vocational and educational programs and drug abuse counseling, including RDAP. I also recommend that the defendant be afforded prerelease placement in a residential reentry center with work release privileges.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

Given the depravity of the crimes here, and the very real risk that the defendant will continue to be disposed toward similar or even worse behavior for the remainder of his life, the terms of imprisonment are to be followed by a life term of supervised release, per count. The terms of supervised release shall run concurrently. The defendant is subject to the standard conditions.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

In light of the nature of the offense and the defendant's personal history, I adopt the special conditions set out in the presentence report, noting that neither party has raised objections to these proposals.

As special conditions, defendant is to:

1) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax return;

2) Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. probation officer;

3) Submit his person, property, house, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device or media] or office to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition;

4) Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider. Defendant shall be required to obtain his own funding for services;

5) Submit to electronic monitoring, for the first 365 days of supervised release using the Global Positioning Satellite (GPS) monitoring or similar technology;

6) Provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information and that he will use during the term of supervision. The probation office is authorized to install any application as necessary on any such devices owned or operated by defendant and shall randomly monitor those media. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by him, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals. The examinations may involve removal of such equipment for the purpose of conducting examination;

7) Not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. probation officer;

8) Not associate with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services;

9) Not work in any occupation, business or profession, or participate in any volunteer activity where he has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer;

10) Comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he/she resides, works, is a student or was convicted of a qualifying offense;

11) Undergo a psychosexual evaluation, which may involve use of Abel Screen and polygraph or plethysmograph examinations, or similar technology, as approved by the supervising U.S. probation officer. Defendant shall participate in and successfully complete an outpatient sex offender counseling program if recommended by the evaluator, as approved by the supervising U.S. probation officer. Defendant shall follow all restrictions and treatment requirements of the program. Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider;

12) Have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer. Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment; and

13) Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____  _____
Defendant                                                                                     Date

_____  _____
U.S. Probation Officer                                                                   Date

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 2 | $100.00 | | |
| **Total** | **$200.00** | **$0.00** | **$0.00** |

It is adjudged that the defendant is to pay a $200 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Restitution is not ordered in this case under 18 U.S.C. § 2259, because the victim has not requested monetary compensation for loss.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself upon release from custody.

A final order of forfeiture is granted for the property seized from the defendant as reflected in the forfeiture order in accordance with 18 U.S.C. § 2253 .

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

      (1) assessment;
      (2) restitution;
      (3) fine principal;
      (4) cost of prosecution;
      (5) interest;
      (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.